25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert CORONA, Defendant-Appellant.
 No. 93-5938.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: JONES, NELSON, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Robert Corona, who pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846, appeals the district court's two level enhancement of his sentence for reckless endangerment during flight. His appeal is without merit, so we affirm.
 
 I.
 
 2
 Defendant, along with codefendants Eric McAnally, Felipe Ramos, Sr., and Felipe Ramos, Jr., made a series of cocaine deals with Eddie Padilla, a government informant. Padilla arranged for DEA agents to stop a truck in which he and the Ramoses were driving in order to arrest the Ramoses. After the arrest, Padilla called Defendant and asked for a ride back to Nashville. Defendant agreed to pick Padilla up.
 
 
 3
 Defendant picked up Padilla in a car driven by McAnally. Two women were also passengers. DEA agents attempted to stop the car and a high speed chase ensued. According to Padilla, when the DEA agents flashed their emergency lights, McAnally began to stop, but Defendant told him to "keep driving and not to stop the car for anything." Corona's Br. at 7; Government's Br. at 3. During the chase, the car swerved back and forth, drove onto the shoulder of the interstate at one point, and almost struck the agents' car. According to Padilla, Defendant ordered McAnally to ram the agents' car and threatened McAnally with bodily harm. McAnally and the two women in the car also stated that Defendant told McAnally to keep driving and to drive faster. Defendant denies having said these things to McAnally, but he admits that the car was going extremely fast and that it swerved back and forth.
 
 
 4
 After Defendant pled guilty, the court decided to enhance Defendant's sentence by two levels pursuant to U.S.S.G. Sec. 3C1.2: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." This appeal followed.
 
 II.
 
 5
 Defendant challenges the district court's finding of fact that it was Defendant who was fleeing or who was creating a risk of serious bodily injury. A court's factual findings in relation to the application of the Sentencing Guidelines are subject to a deferential "clearly erroneous" standard of review. See 18 U.S.C. Sec. 3742; United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir.1987) (quoting Anderson, 470 U.S. at 574), cert. denied, 486 U.S. 1022 (1988)).
 
 
 6
 Note five of the commentary to Sec. 3C1.2 instructs that "[u]nder this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." Defendant contends that the court below arrived at its conclusion that Defendant aided or abetted McAnally's reckless driving as a result of mere "conjecture." Corona's Br. at 11-12 (citing United States v. Brown, 946 F.2d 1191, 1199 (6th Cir.1991) ("conjecture is not enough to support an enhancement")).
 
 
 7
 This argument is meritless. As the government points out, the court below concluded that Defendant aided and abetted McAnally in fleeing from the DEA based upon the testimony of Padilla, McAnally, and the two female passengers. The judge clearly chose to credit their testimony over Defendant's testimony to the contrary. This decision was based on the evidence, and so was not clearly erroneous.
 
 III.
 
 8
 For the foregoing reasons, we affirm.